Modified.

---

### In re DANN. .
### Patent Appeal No. 2706.

Court of Customs and Patent Appeals.
May 25, 1931.

Wesley G. Carr, of East Pittsburgh, Pa. (Franklin E. Hardy, of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The Board of Appeals of the United States Patent Office affirmed a decision of the Examiner rejecting several claims of appellant, Dann, contained in an application for patent, filed December 23, 1922, for improvements in protective means for electrical apparatus such as transformers. From the decision of the Board appellant has prosecuted an appeal to this court.

958

Originally, nine claims were involved in the appeal. At the time of the argument of the case, on April 7, 1931, there was pending before us a petition for rehearing in the case of In re Eschholz, which case had previously been decided by us adversely to appellant therein, 46 F.(2d) 704. The petition for rehearing was later granted, and the Eschholz Case is being again decided concurrently herewith, our former decision being modified and certain claims being allowed, 49 F.(2d) 956.

Upon comparing the Eschholz Case and the instant case, it was found that they contained common subject-matter in the claims, which, had they been regarded as patentable by the tribunals of the Patent Office, would have necessitated an interference or other appropriate proceeding there.

It developed that both the Eschholz and Dann applications have become the property of a common assignee, and the attorney for Dann, under these circumstances, on May 11, 1931, filed a memorandum in writing, which is made a part of the record in this case, withdrawing all the claims thought to conflict with the Eschholz claims. The claims withdrawn are Nos. 4, 5, 6, 7, 8, 11, and 12. So there remain to be considered by us only Nos. 9 and 10, which read as follows:

"9. An expansion device comprising a chamber having an opening for communication with an external container, means constituting a liquid sale for excluding air from said chamber, a container for a chemical substance in said chamber that is removable therefrom and a deoxidizing material in said last named container.

"10. An expansion device comprising a chamber having an opening for communication with an external container, means constituting a liquid seal for excluding air from said chamber, and a container for a chemical substance in said chamber, said chamber having an opening through which said container may be removed, and a removable cover member for said opening."

The references cited as the case originally came before us, containing the nine claims, were: Hadley, 1013767, January 2, 1912; Hundt, 1100736, June 23, 1914; Green, 1326049, December 23, 1919.

In the memorandum withdrawing the stated claims, counsel for appellant, who was also counsel for Eschholz, stated:

"The Eschholz invention is primary in character, the Dann invention being merely a specific mechanical arrangement for utilizing the Eschholz invention. The Dann improvement consisted in placing the deoxidizing element of the Eschholz invention in an outside chamber 9, connected to the gas space in the transformer tank by a pipe 8, and providing a door 12 by which the inside of the chamber 9 for containing the deoxidizer, may be readily accessible for observation and replenishment of the deoxidizing element. The chamber 9 in the Dann arrangement is brought down to a point where it can be reached and observed without getting on top of the transformer tank, as required in the embodiment shown in the Eschholz Case. * * *

"No patent can be issued to Dann covering anything patented in the Eschholz Case. This was conceded in oral argument, and the foregoing withdrawal of appellant's broad claims reduces the Dann application to one relating only to a modified mechanical arrangement for applying the Eschholz primary invention."

It does not seem to us that in view of the references, there is anything inventive in arranging a chamber on the outside for containing the deoxidizing agent or in putting a door therein for rendering the deoxidizer readily accessible for observation and replenishment, nor is it patentable, after placing the chamber on the outside, to bring it "down to a point where it can be reached and observed without getting on top of the transformer tank." That is a matter of convenience which it seems would readily occur to one skilled in avoiding climbing ladders. Neither does it appear inventive to render the carrier for the deoxidizing substance removable, nor to provide an opening and removable cover therefor for convenience in removing the deoxidizing material. Since this material must be changed at times, an opening for taking it out is a manifest necessity. The liquid seal is old in the art, and there is nothing patentable in applying it to the separate deoxidizing chamber.

The decision of the Board of Appeals is affirmed.

Affirmed.